# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ADRIAN ION NEACSU (#120912)**                                    **CIVIL ACTION**

**VERSUS**

**SHERIFF OF EAST BATON ROUGE PARISH PRISON, ET AL.**      **NO. 06-0328-B-M3**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___17th___ day of April, 2008.

**DOCIA L. DALBY**
**MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ADRIAN ION NEACSU (#120912)**                    **CIVIL ACTION**

**VERSUS**

**SHERIFF OF EAST BATON ROUGE PARISH PRISON, ET AL.**        **NO. 06-0328-B-M3**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Adrian Ion Neacsu, challenges his continuing confinement by virtue of an order of commitment entered in March, 2006, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner claims that he is a "sovereign American man" being held without legal authority, without jurisdiction, and without trial.

The record reflects that the petitioner was charged, in August, 2005, by bill of information, with one count of fraud in connection with a monetary instrument, a violation of La. R.S. 14:72.2. He asserts that he has been "held hostage for profit" since that time, without trial. He further asserts, incomprehensively, that the "corporate state of Louisiana" is maintaining him in confinement with a "fraudulent contract, bill of information, which is not signed by me", and that there is no "subject matter, personal jurisdiction and venue" to continue his confinement. In response to these assertions, the State of Louisiana represents that, after an apparently contentious hearing in September, 2005, before state court Judge Richard Moore in the petitioner's criminal proceedings, the state court judge ordered that the plaintiff be confined for six (6) months on a contempt citation. Thereafter, on the scheduled date of trial, December 13, 2005, the trial judge ordered that the petitioner be examined by two (2) mental health professionals. When these professionals thereafter opined that the petitioner was not competent to stand trial, the state court

judge ordered the petitioner confined for treatment and continuing evaluation at a state mental facility, presumably pursuant to La. Code Crim. P. art. 648.   It appears that periodic reviews of the petitioner's mental status are continuing, but the record does not reflect whether any determination has been made regarding the likelihood of the restoration of the petitioner's competency to stand trial or regarding his dangerous propensities.

By Order dated September 5, 2006, rec.doc.no. 7, the Court directed the District Attorney for the Parish of East Baton Rouge, State of Louisiana, to appear and respond to the petitioner's allegations.  On October 19, 2006, the District Attorney responded, contending that the petitioner has failed to exhaust state court remedies prior to proceeding in this Court as mandated by 28 U.S.C. § 2254(b) and (c).  Specifically, the District Attorney asserts that the petitioner has not presented his claim before the state intermediate appellate court or the Louisiana Supreme Court. The petitioner essentially concedes, in response to the State's assertions, that although he has attempted to seek review of his claims in the state courts, he had not received a response to his attempts at the time that he filed the instant application in federal court.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  Bufalino v. Reno, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies.  McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984) (en banc).  Without reaching the merits of the petitioner's claims in this case, it appears clear from a review of the record that, at the time

that the petitioner filed his application in this Court, he had not exhausted state court remedies as mandated by federal statute. Although he asserts that he has filed pleadings seeking review of his claims in the intermediate appellate state court, he concedes in his application that such review is "still pending" and that there has been "no response so far". Accordingly, inasmuch as it is clear that the petitioner had not exhausted his claims through the Louisiana state courts at the time that he filed his application herein, his application in this Court is subject to dismissal for this reason.

Notwithstanding the foregoing, the Court is mindful of the potential for abuse of the petitioner's constitutional rights where he is being held in confinement without conviction and solely because he has been determined to be incompetent to proceed with pending criminal proceedings. In this regard, it is well-settled that "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process." Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Whereas article 648 of the Louisiana Code of Criminal Procedure provides a procedure which allows a state court judge to confine a criminal defendant to a mental facility who has been determined to be incompetent to stand trial, such determination is reviewed at intervals of six (6) months to determine whether there has been a change in the defendant's condition. Upon it being determined, after a contradictory hearing, that the defendant is not likely to regain competence **and** is dangerous to himself or others, the defendant may be retained in confinement on a civil commitment, not to exceed the maximum criminal sentence faced on the pending criminal charges. If, however, it is determined after a contradictory hearing that the defendant is not likely restorable to competency and is **not** dangerous to himself or others, he must be released. See Lockhart v. Armistead, 351 So.2d 496 (La. 1977):

> [W]here state commitment is founded solely "upon incapacity to proceed to trial," it can endure no longer than "the reasonable period of time necessary to determine" the probability of the accused's attaining capacity in the foreseeable future.... If it is determined that there is no probability of such recovery, "then the state must either institute the customary civil commitment proceeding ... or release the defendant".

Citing Jackson v. Indiana, supra.   See also State v. Denson, 888 So.2d 805 (La. 2004)(finding unconstitutional the statutory provision that any release must be "on probation"). Under principles of comity, however, it is appropriate that the state courts be provided with the first opportunity to address the petitioner's claims.   See Barringer v. Foti, 1988 WL 76233 (E.D. La. July 19, 1988) (Dismissing federal habeas corpus claim where petitioner had not exhausted state court remedies, concluding as a matter of comity that, "a[]ny challenge to the propriety of [petitioner's] custody pursuant to [article 648] is properly addressed first to the State court, and not to us."). Accordingly, the petitioner is advised that he must first challenge his commitment proceedings through the state district and appellate courts prior to institution of a federal habeas corpus proceeding in this court.

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice to re-application, for failure to first exhaust state court remedies pursuant to 28 U.S.C. § 2254(b) and (c).

Baton Rouge, Louisiana, this ____ day of April, 2008.

_____
**DOCIA L. DALBY**
**MAGISTRATE JUDGE**